**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **BRIAN TARAVELLA,** | ) | |
| Plaintiff, | ) | CASE NO. 1:25-CV-01692-RP |
| v. | ) | |
| | ) | |
| **EXACT CARE PHARMACY, LLC,** | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**MOTION FOR EXTENSION OF DISPOSITIVE MOTION DEADLINE**

Defendant Exact Care Pharmacy, LLC ("Exact Care") files this Motion for Extension of Dispositive Motion Deadline and respectfully moves the Court to extend the dispositive motion deadline from November 15, 2026, to December 7, 2026. In support, Exact Care states the following:

Under the Court's Scheduling Order (ECF No. 19), the current deadline to file dispositive motions is November 15, 2026. No previous extension has been requested in this schedule. A scheduling order may be modified for good cause and with the judge's consent. *See* Fed. R. Civ. P. 16(b)(4). In determining whether good cause exists, courts consider (1) the explanation for the request; (2) the importance of the modification; (3) the potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice. *Reliance Ins. Co. v. Louisiana Land & Exploration Co.,* 110 F.3d 253, 257 (5th Cir.1997).

Good cause exists to grant this Motion. The parties initially, privately agreed to this extension due to the need for Plaintiff to order, read, and finalize his deposition transcript, which was belatedly delivered. Based on the delivery timing, the ability to complete these tasks would have been past the dispositive motion deadline. However, Plaintiff is also now belatedly raising

discovery issues – *six weeks after* the discovery deadline (ECF No. 19) – and did not respond when Exact Care asked if he would still like the dispositive motion deadline extended. Exact Care was relying on the parties filing a joint motion of extension as originally planned. As such, good cause exists for the Motion as it allows Exact Care to properly prepare its dispositive motion within the timeframe initially agreed to by the parties and move this case forward. It also allows time for the Plaintiff to complete his deposition review and finalization as originally contemplated. As such, there is no prejudice to either side. The requested extension is brief, and Exact Care does not seek to modify any other deadline in the Court's Scheduling Order. The extension would apply equally to all parties, and this Motion is not sought for purposes of delay but so that justice may be done.

For the foregoing reasons, Exact Care respectfully requests that the Court grant this Motion and extend the dispositive motion deadline from November 15, 2026, to December 7, 2026. A proposed order granting this Motion is attached as Exhibit 1.

Respectfully submitted,

*/s/ Samantha Lamka*

Gregg R. Brown (031290)
GERMER BEAMAN & BROWN PLLC
1501 S. Mopac Expressway, Suite A400
Austin, Texas 78746
grb-svc@germer-austin.com

Colleen M. O'Neil, *pro hac vice*
Samantha Lamka, *pro hac vice*
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114
coneil@calfee.com
slamka@calfee.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 11, 2026, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which will send notification of such filing to all counsel of record, including:

Stephen Casey
Attorney for Plaintiff