**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **BRIAN TARAVELLA,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:25-cv-01692-RP |
| | § | |
| **EXACT CARE PHARMACY, LLC,** | § | |
| Defendant. | § | |

**PLAINTIFF'S OPPOSED MOTION TO MODIFY THE SCHEDULING ORDER TO REOPEN DISCOVERY AND EXTEND THE DISPOSITIVE MOTION DEADLINE, AND RESPONSE TO DEFENDANT'S MOTION FOR EXTENSION OF DISPOSITIVE MOTION DEADLINE (ECF NO. 21)**

**TO THE HONORABLE ROBERT PITMAN, UNITED STATES DISTRICT JUDGE:**

Plaintiff BRIAN TARAVELLA files this *Plaintiff's Opposed Motion to Modify the Scheduling Order to Reopen Discovery and Extend the Dispositive Motion Deadline, and Response to Defendant's Motion for Extension of Dispositive Motion Deadline* and respectfully shows the Court as follows:

## I.
## SUMMARY

Defendant EXACT CARE PHARMACY, LLC ("Exact Care") built a gate across discovery and kept the only key. It conditioned nineteen of its twenty-one document responses on an ESI protocol and protective order, re-imposed that condition on August 18, 2026, and left Plaintiff's August 31 redline unanswered. After discovery closed, it called the protocol "a moot point," though it deposed Plaintiff *after* that deadline. On November 11, it conceded it "will work to produce and supplement" its discovery "even without the ESI protocol." (**Exhibit 8**.)

Those concessions admit the production is incomplete and the gate was never necessary. Yet Exact Care opposes reopening discovery and asks for a December 7 dispositive deadline with

every other deadline frozen. (ECF No. 21.)[1] That schedule gives Exact Care one-way discovery: it may produce after the deadline, while Plaintiff may neither depose a witness nor subpoena a vendor to test it. Plaintiff agrees the deadline must move—far enough to let fair discovery finish first.

## II.
## TIMELINE

Exact Care compresses eight months that rests on its own delays into "six weeks after the discovery deadline." The record below shows the timeline:

| Date | Event |
| --- | --- |
| Mar. 11 – May 20, 2026 | Plaintiff serves discovery; by agreement, responses come due **May 20, 2026**. Exact Care serves nothing. |
| July 9–15, 2026 | Plaintiff presses; Exact Care claims tolling; Plaintiff rejects tolling and extends to July 29, reserving all rights. |
| July 20–28, 2026 | Exact Care requires a protective order and ESI protocol "prior to the production of documents" (**Exhibit 2**); Plaintiff answers the deadline "is not contingent" on either (**Exhibit 3**); Exact Care sends its draft. |
| July 29, 2026 | Exact Care serves conditioned responses (**Exhibit 1** at 4–5, 14–26) and 5,584 unlabeled pages, 5,477 pages repeat a blank form (**Exhibit 5**). |
| Aug. 18, 2026 | Amended responses keep all nineteen conditions and now blame an unnamed affiliate of Conversion Finder. (**Exhibit 9** at 4–5, 7, 15–27.) |
| Aug. 31, 2026 | Plaintiff returns a redline of the ESI order. (**Exhibit 4** at 2–3.) Exact Care never responds. |

[1] Plaintiff is in agreement to extend the dispositive motion deadline.

| Date | Event |
|---|---|
| **Oct. 1, 2026** | **Discovery closes. (ECF No. 19.)** |
| Oct. 9, 2026 | Exact Care deposes Plaintiff **after the deadline**. |
| Nov. 9, 2026 | Exact Care calls the protocol "a moot point now." (**Exhibit 4** at 1.) |
| Nov. 11, 2026 (Veterans Day) | Exact Care promises to supplement "even without the ESI protocol," opposes reopening, and files ECF No. 21 the same day. (**Exhibit 8**.) |

Every objection Plaintiff raised preceded the discovery deadline. (*Declaration of Stephen D. Casey*, **Exhibit 10,** ¶¶ 4–7.) Exact Care's dilatory conduct came on both sides: (1) failure to return the gate-keeping ESI protocol, (2) failure to produce promised documents, (3) the post-deadline deposition, (3) the "moot point" email, the promise to supplement, and (3) the "holiday" motion.

## III.
## THE DISCOVERY EXACT CARE HAS NOT PRODUCED

Exact Care has not produced the following records, which decide transfer, consent, and safe harbor (detailed by request in **Exhibit 6**):

1. Transfer reports, transfer invoices, and call recordings (Request Nos. 3, 20);
2. Jornaya/Verisk event logs, metadata, Visual Playback, and the consent page (Request Nos. 17–19);
3. Lead-transmission, call-routing, and caller-ID records (Request Nos. 20, 21);
4. The dialing affiliate's identity, contract, and approval (Request Nos. 6, 8);
5. Vendor and internal communications about Plaintiff (Request Nos. 7, 9, 10, 15);
6. Policies in force on February 14, 2025, training, and scrub records (Request Nos. 11, 14);

7. Complaint, insurance, indemnity, and registration records (Request Nos. 4, 5, 12, 13, 16);

8. Documents held by affiliates, including AnewHealth and Tabula Rasa HealthCare, Inc.;

9. Native files with metadata, labeled to the requests, and a privilege log; and

10. Complete answers to Interrogatory Nos. 1–8, 11, 12, and 14–17.

## IV.
## ARGUMENT AND AUTHORITIES

### A. Rule 16(b)(4) permits modification for good cause.

"A schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Good cause asks whether the deadlines could "reasonably be met despite the diligence of the party needing the extension," *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal quotation marks omitted), weighing the explanation, the importance of the modification, prejudice, and the availability of a continuance. *See Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019). Each factor favors Plaintiff.

### B. The explanation: Exact Care's condition held the documents back.

Exact Care had no right to condition production on an agreement. Rule 34 requires production by the requested date "or another reasonable time specified in the response," with a statement whether anything is withheld. FED. R. CIV. P. 34(b)(2)(B)–(C). Exact Care instead promised production "on a rolling basis" with no dates (**Exhibit 1** at 4–5), leaving Plaintiff "wondering as to the scope of the documents or information that will be provided." *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014). Its general objections, "specifically incorporated

into each" response (**Exhibit 9** at 1), are equally improper. *Id.* at 483; *see McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

What Exact Care did produce ***cannot be matched to anything***. Documents must be produced as kept in the usual course of business or labeled "to correspond to the categories in the request." FED. R. CIV. P. 34(b)(2)(E)(i). Exact Care's 5,584 TIFF pages carry neither index nor labels as required, and neither set of responses cites a single Bates number. (**Exhibit 10,** ¶ 6.) Its Rule 33(d) answers to Interrogatory Nos. 6, 11, 15, and 16 specify no records at all. (**Exhibit 9** at 8, 10, 12–13.) *See* FED. R. CIV. P. 33(d)(1). That is not proper production. It's like a haystack with no way to find the needle.

Nor did confidentiality excuse the delay: "there is no absolute privilege for trade secrets and similar confidential information." *Fed. Open Mkt. Comm. v. Merrill*, 443 U.S. 340, 362 (1979) (quotation omitted). A party wanting protection must move for it and carry the burden. *See* FED. R. CIV. P. 26(c)(1); *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). Despite obtaining agreement, Exact Care never moved; it chose self-help. *Nullus commodum capere potest de injuria sua propria*: ***no one may profit from his own wrong***.

Plaintiff, by contrast, (1) pressed the overdue responses on July 9; (2) again on July 15; (3) told Exact Care on July 28 the deadline was "not contingent" on the protocol; and (4) returned his redline on August 31—all before discovery closed. (**Exhibit 10,** ¶¶ 4–7.) The next move belonged to Exact Care, which promised twice to produce once the protocol was settled, but never did. (**Exhibit 1** at 4–5; **Exhibit 9** at 4–5.) Plaintiff, in good faith, relied on Exact Care's statements and should not be penalized by Exact Care's laying behind the log of its redlined ESI protocol, now offering to supplement without a way to test its delayed production.

**C. Exact Care's November 11 letter confirms good cause.**

Exact Care's letter proves this motion. It admits the production is incomplete: Exact Care "will work to produce and supplement." (**Exhibit 8**.) It admits the condition was never necessary: it will supplement "even without the ESI protocol" (*id.*), so every conditioned request was due July 29. It admits the condition was its own, imposed in its "initial discovery responses" (*id.*), though it omits that it re-imposed the condition on August 18 (**Exhibit 9** at 4–5). And it offers a supplement with no date and no scope while opposing any means to test it.

The letter also claims Exact Care already "fulfilled its discovery obligations." (**Exhibit 8**.) It cannot both have fulfilled them and yet have more to produce that arose prior to the deadline. And its charge of untimeliness starts the clock in the wrong place. ***Exact Care's responses were due May 20, 2026***. The untimeliness in this record begins there, and it belongs to Exact Care.

**D. Importance: the withheld records decide the case.**

Exact Care's principal defense is consent; Plaintiff contends the consent record was generated after the call began. Exact Care says it produced little because Plaintiff "was never transferred," but that assumes the conclusion, resting on an answer verified only "to the best of [the signer's] knowledge and belief." (**Exhibit 9** at 8; *id.*, Verification.)

Its account also shifted, from "Conversion Finder" on July 29 to an unnamed "one of Conversion Finder's affiliates" on August 18, one more step from vicarious liability. (*Compare* **Exhibit 1** at 7, *with* **Exhibit 9** at 7.) Transfer reports and invoices would settle the question, and Exact Care's vendor contract requires those records be kept and delivered to it (EXACTCARE-TARAVELLA_000062), placing them within its "control." FED. R. CIV. P. 34(a)(1). Plaintiff's expert, Dr. Craig Rosenberg, needs the event logs and metadata to complete his analyses.

**E. Exact Care's own verification shows it is not one company for discovery.**

Exact Care confines "Defendant" to itself and its own personnel. (**Exhibit 9** at 2–3.) Yet its verification arrived by DocuSign from an @anewhealthrx.com sender in Moorestown, New Jersey, and Ms. Bublitz signed it at her own @anewhealthrx.com address under a Tabula Rasa HealthCare, Inc. signature disclosure. (**Exhibit 9**, Verification.) Its vendor agreements were signed by ECP Holdings, LLC and CarepathRx Holdings, LLC. (EXACTCARE-TARAVELLA_000052, 000060, 000062.)

"Control" includes "a party's legal right or practical ability to obtain the materials from a nonparty to the action." *Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 230 (N.D. Tex. 2016). Exact Care cannot inconsistently shrink "Defendant" to one entity for discovery while conducting its business, and through several when verifying its answers.

**F. Prejudice and cure favor a short, targeted reopening.**

Exact Care suffers no prejudice from producing what it promised, having itself deposed Plaintiff eight days after discovery closed. (**Exhibit 10, ¶** 7.) The prejudice runs the other way: Exact Care would supplement after the deadline and seek summary judgment on consent by December 7, leaving Plaintiff no way to test the new material. A short extension cures that: production within fourteen days, discovery through January 15, 2027, and dispositive motions by February 15, 2027. No trial date has been set. Should Local Rule CV-16(e) apply, Exact Care's post-deadline reversal supplies its "exceptional circumstances." *See* W.D. TEX. LOC. R. CV-16(e).

**G. Defendant's motion (ECF No. 21) should be granted only in part.**

Plaintiff agrees the deadline must move; the parties privately agreed to December 7 before Exact Care's production problems surfaced. But *Defendant's Motion for Extension of Dispositive Motion Deadline* rests on two premises the record contradicts. It says Plaintiff raised discovery

issues "six weeks after the discovery deadline" (ECF No. 21 at 2); he raised them in July and August. It says Plaintiff "did not respond" (*id.*); Exact Care asked on Veterans Day, demanded an answer "by 2:00 pm EST today," and filed the same day. (**Exhibit 8**.)[2] Silence on a federal holiday is not a refusal. Plaintiff asks the Court to grant ECF No. 21 only to the extent it extends the dispositive motion deadline.

## V.
## PRAYER

For these reasons, Plaintiff BRIAN TARAVELLA respectfully asks the Court to grant this motion and enter an order:

1. Modifying the *Scheduling Order* (ECF No. 19) under Rule 16(b)(4);
2. Ordering Exact Care, within fourteen (14) days, to produce the materials identified in **Exhibit 6** in native format with metadata, labeled to the requests, with a privilege log and complete, verified interrogatory answers;
3. Reopening discovery through January 15, 2027, limited to Exact Care's production; depositions of Todd Donnelly, Meghan Bublitz, Gary Davis, and a Rule 30(b)(6) representative; Rule 45 subpoenas to Conversion Finder, its dialing affiliate, TopInsuranceDeals, Verisk, and the carrier for (732) 965-5111; and supplemental expert reports;
4. Extending the dispositive motion deadline to February 15, 2027, and adjusting the remaining deadlines accordingly;

[2] Veterans Day is a legal holiday. *See* FED. R. CIV. P. 6(a)(6)(A); 5 U.S.C. § 6103(a). Plaintiff's counsel, a United States Navy veteran, was out of the office in observance. (**Exhibit 10, ¶** 10.)

5. Granting *Defendant's Motion for Extension of Dispositive Motion Deadline* (ECF No. 21) in part and otherwise denying it as moot; and

6. Granting Plaintiff all other relief to which he is entitled.

Respectfully submitted,

**VERDICT LAW, PLLC**
1604 Rio Grande Street
Austin, Texas 78701
(512) 887-1900 *Telephone*
(512) 887-1901 *Telecopier*

By: /s/ Stephen D. Casey
Stephen D. Casey, SBN 24065015
service@verdictlaw.law
Attorney for BRIAN TARAVELLA, Plaintiff

## CERTIFICATE OF CONFERENCE

I certify that, as required by Local Rule CV-7(g), I conferred with Samantha Lamka, counsel for Defendant, by email on November 9 and 10, 2026, about the relief requested in this motion, and identified the outstanding discovery. On November 11, 2026, Defendant stated that it opposes reopening discovery. No agreement could be reached because Defendant contends Plaintiff's requests are untimely and that it may supplement without reopening discovery. (**Exhibit 8**.) Defendant's position on extending the dispositive motion deadline to February 15, 2027 is unknown. It would prejudice Plaintiff to delay response to Defendant's motion.

By: /s/ Stephen D. Casey
Stephen D. Casey, SBN 24065015
service@verdictlaw.law
Attorney for BRIAN TARAVELLA, Plaintiff

## CERTIFICATE OF SERVICE

I certify that on November 12, 2026, a true and correct copy of this motion, with its exhibits, was served on all counsel of record as follows:

Gregg R. Brown
GERMER BEAMAN & BROWN PLLC
1501 S. Mopac Expressway, Suite A400
Austin, Texas 78746
grb-svc@germer-austin.com
***Via CM/ECF electronic service***

Colleen M. O'Neil
Samantha Lamka
CALFEE, HALTER & GRISWOLD LLP
1405 East Sixth Street
Cleveland, Ohio 44114
coneil@calfee.com; slamka@calfee.com
***Via CM/ECF electronic service***

By: /s/ Stephen D. Casey
Stephen D. Casey, SBN 24065015
service@verdictlaw.law
Attorney for BRIAN TARAVELLA, Plaintiff