**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS (AUSTIN DIVISION)**

| | | |
|---|---|---|
| BRIAN TARAVELLA,<br><br>Plaintiff,<br><br>v.<br><br>EXACT CARE PHARMACY, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:25-CV-01692-RP |

EXHIBIT
1
exhibitsticker.com

**DEFENDANT EXACT CARE PHARMACY, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR ADMISSIONS, AND REQUESTS FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 36, Defendant, Exact Care Pharmacy, LLC ("Exact Care"), responds in writing to Plaintiff Brian Taravella's ("Plaintiff") First Set of Interrogatories, Requests for Admissions, and Requests for Production to Exact Care (each individually a "Request" and collectively, the "Requests"). The following responses are based on information reasonably available to Exact Care as of the date of these responses. Exact Care reserves the right to supplement, alter, or amend these responses as discovery progresses in the event that additional or different information becomes available through further investigation and discovery or at appropriate intervals as provided for in Rule 26(e)(1) of the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

Exact Care responds to each of the Requests subject to the General Objections set forth below. These objections form a part of and are specifically incorporated into each of Exact Care's specific responses to the Requests even though they may not be specifically referred to in each and every response to each Request. Failure to specifically refer to any of these General Objections in any specific response should not be construed as a waiver of same.

1. Exact Care objects to Plaintiff's Definitions and the Requests to the extent that they purport to impose any requirement to respond or other obligation upon Exact Care greater than those imposed by the Federal Rules of Civil Procedure or the Local Rules of the Western District of Texas.

2. Exact Care objects to the definition of "Defendant" and "You" set forth in the Requests as overbroad to the extent it includes anyone other than Exact Care or Exact Care's officers, directors, managers, and employees within the meaning of the terms "Defendant" and "You." Exact Care's responses to the Requests interpret "Defendant" and "You" to only mean Exact Care and Exact Care's officers, directors, managers, and employees.

3. Exact Care objects to the definition of "Identify" as overbroad and unduly burdensome because such instructions direct Exact Care to identify documents and persons in a manner beyond what is required by the Federal Rules of Civil Procedure or the Local Rules of the Western District of Texas.

4. In answering the Requests, Exact Care does not admit the truth validity, completeness, or merit of any definition set forth by Plaintiff.

5. Exact Care objects to the Requests to the extent they seek the disclosure of documents or information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, and nothing in the below responses is intended to waive any such privilege. In the event any such protected information or documents are produced in response to these Requests, the production is inadvertent and is not intended to waive Exact Care's right to assert the applicability of any privilege, protection, or immunity to the disclosure of such information or documents, which shall be returned to counsel for Exact Care immediately upon discovery thereof.

6. Exact Care objects to the Requests to the extent that they call for the production of Exact Care's confidential, proprietary, and/or trade secret information.

7. Exact Care objects to the Requests to the extent that they seek documents or information related to individuals who are not parties to this lawsuit.

8. Exact Care objects to the Requests to the extent they purport to require disclosure of information not within Exact Care's possession, custody, or control.

9. Exact Care objects to the Requests to the extent they seek documents or information already in Plaintiff's possession, custody, or control, or documents or information equally or more readily available to Plaintiff.

10. Exact Care objects to the Requests to the extent the discovery sought is unreasonably cumulative or duplicative or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

11. Exact Care objects to the Requests to the extent they seek documents and information irrelevant to the facts and contentions of this case.

12. Exact Care objects to the Requests as overbroad and unduly burdensome.

13. Exact Care objects to the Requests to the extent they are vague, ambiguous, and/or fail to describe with reasonable particularity the information or response requested.

14. Exact Care objects to the Requests as overly broad and unduly burdensome as there is no time period or limitations set forth therein.

15. Exact Care objects to the Instructions for Requests for Production to the extent it requests the production of a privilege log beyond what is required by Federal Rule of Civil Procedure 26(b)(5).

16. In providing these responses to the Requests, Exact Care does not waive or intend to waive, but to the contrary, preserves and intends to preserve:

(i) all questions as to competency, relevance, materiality, privilege, and admissibility as evidence for any purpose of the responses or subject matter thereof;

(ii) the right to object further on any ground to these Requests or any additional discovery requests in this proceeding;

(iii) the right to object on any ground to the use of the responses, or the subject matter thereof; and

(iv) the right to object on any ground at any time to other requests or other discovery procedures involving or relating to the subject matter of these requests.

## **TIMING AND METHOD OF DOCUMENT PRODUCTION PREAMBLE (the "Preamble")**

Subject to the objections and responses to the Requests stated herein, Exact Care will conduct a reasonable search of its records. Any of the specific responses and objections by Exact Care indicating that non-privileged, responsive documents will be produced is not an indication or representation that any such documents exist, or that they are within Exact Care's possession, custody, or control, but rather that such documents will be produced if they are located in the course of a reasonably diligent, good faith search. In that regard, Exact Care may utilize search terms to search electronically stored information, where appropriate, and will limit its searches to a reasonable set of document custodians and reasonably accessible documents (the "Search Parameters"). Exact Care will produce responsive, non-privileged documents on a rolling basis

after the parties agree upon an appropriate Electronically Stored Information ("ESI") protocol and a Stipulated Protective Order.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**Interrogatory 1:** Identify all persons who you believe have knowledge of relevant facts and identify the issues upon which you believe they have knowledge.

**Response:** The following individuals may have knowledge of relevant facts underlying the issues in this case:

- Meghan Bublitz (Plaintiff's consent to be contacted; communications with vendors and third parties regarding the same)
- Gary Davis (Exact Care's policies and procedures regarding compliance with the TCPA)
- Melissa Mantkowski (Exact Care's policies and procedures regarding compliance with the TCPA)
- Conversion Finder (Plaintiff's consent to be contacted and third party vendor's receipt of the same)

**Interrogatory 2:** If you contend that some other person or legal entity is, in whole or in part, liable to the Plaintiff in this matter, identify that person or legal entity and describe the material facts that form the basis of said liability.

**Response:** Exact Care objects to this Request as it calls for a legal conclusion. Exact Care further objects to this Request to the extent it seeks information that is beyond Exact Care's possession, custody, or control.

Subject to and without waiving the foregoing objections, Exact Care denies that it or any third party is liable to Plaintiff given that consent to be contacted for the call at issue was provided.

**Interrogatory 3:** Identify all employees or vendors involved in making outbound calls as part of the campaign that contacted the Plaintiff. This includes, but is not limited to, (a) third parties that

you contract with who make telemarketing calls to generate leads (b) the dialing system platform or provider used to make calls (c) where the phone numbers to make the calls is obtained.

**Response:** Exact Care objects to this Request as vague and ambiguous and subject to inconsistent interpretations as the terms "campaign" and "dialing system platform" are not defined and it is unclear what is meant by the phrase "where the phone numbers to make the calls is obtained." Exact Care further objects to this Request to the extent it seeks information that is not within Exact Care's possession, custody, or control.

Subject to and without waiving the foregoing objections, Exact Care states that its vendor, Conversion Finder contacted Plaintiff pursuant to the consent to be contacted provided by Plaintiff.

**Interrogatory 4:** If you contend that Plaintiff provided consent to receive solicitation telephone calls, state the material facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained, including website or source of the consent, the date consent was allegedly provided, the language displayed to Plaintiff, and the entity that retained the record.

**Response:** Exact Care objects to this Request as vague, ambiguous, and subject to inconsistent interpretations as the phrase "solicitation telephone calls" is unclear and undefined. Exact Care also objects to this Request to the extent it seeks information that is not within Exact Care's possession, custody, or control. Exact Care also objects to this Request to the extent it improperly requests a narrative response that is more properly suited for a deposition.

Subject to and without waiving the foregoing objections, *see* Exact Care's Answer to Plaintiff's First Amended Complaint at Paragraph 21 and all exhibits attached thereto.

**Interrogatory 5:** If you contend that a third party made the calls alleged in the complaint, identify that third party and state the material facts in support of the same.

**Response:** Exact Care objects to this Request as it misrepresents the allegations in this case as it refers to "calls" when Plaintiff only alleges one call occurred in his First Amended Complaint. Exact Care also objects to this Request to the extent it seeks information that is not within Exact Care's possession, custody, or control. Exact Care also objects to this Request to the extent it improperly requests a narrative response that is more properly suited for a deposition. Exact Care further responds to this Request as it is unnecessarily repetitive and, as such, is unduly burdensome.

Subject to and without waiving the foregoing objections, Exact Care states that one of Conversion Finder's affiliates made an outbound call to Plaintiff's phone number pursuant to the express consent to contact his phone number discussed in the response to Interrogatory No. 4. That call was then transferred to Conversion Finder and ended before being transferred to Exact Care.

**Interrogatory 6:** Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

**Response:** Exact Care objects to this Request as over broad. Exact Care also objects to this Request because it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, and any other applicable statutory or common law privilege.

Subject to and without waiving the foregoing objections, pursuant to Federal Rule of Civil Procedure 33(d) to the extent there are any non-privileged communications responsive to this Request, Exact Care will produce non-privileged, responsive documents subject to the Preamble on a rolling basis.

**Interrogatory 7:** Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**Response:** Exact Care objects to this Request to the extent it seeks information that is not within Exact Care's possession, custody, or control. Exact Care also objects to this Request to the extent it seeks documents and information irrelevant to the facts and contentions of this case. Exact Care also objects to this Request as overbroad, vague and ambiguous.

Subject to and without waiving the foregoing objections, Exact Care did not contact Plaintiff. With regard to information responsive to this request specific to Exact Care's vendor, counsel for Exact Care is willing to meet and confer with Plaintiff's counsel to try and obtain a better understanding of what Plaintiff requests.

**Interrogatory 8:** State the material facts in support of any affirmative defenses you have raised.

**Response:** Exact Care objects to this Request as overbroad and unduly burdensome. Exact Care also objects to this Request to the extent it improperly requests a narrative response that is more properly suited for a deposition.

Subject to and without waiving the foregoing objections, the factual allegations of the Complaint, the averments set forth in Exact Care's Answer, and all exhibits thereto. Defendant reserves the right to supplement this response in accordance with the Federal Rules of Civil Procedure.

**Interrogatory 9:** Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for allowing or making allegedly unlawful or unauthorized outbound calls for the last twelve (12) months prior to the filing of this lawsuit in

justice court. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**Response:** Exact Care objects to this Request as over broad. Exact Care also objects to this Request to the extent it seeks documents and information irrelevant to the facts and contentions of this case. Exact Care also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, and any other applicable statutory or common law privilege.

Subject to and without waiving the foregoing objections, Exact Care states that it has not "disciplined, reprimanded, or taken similar action against" "any person" for the conduct described in the Request.

**Interrogatory 10:** State your current net worth.

**Response:** Exact Care objects to this Request as it seeks documents and information irrelevant and unproportional to the facts and contentions of this case. Exact Care also objects to this Request as over broad, vague, and seeks private confidential information.

**Interrogatory 11:** Identify and describe the policies and procedures used to comply with Title 47 U.S.C. 64.1200(c)(2)(i)(A-D), (E), and (c)(2)(ii), and (c)(2)(iii), which includes but is not limited to written procedures, training dates, and training logs established to comply with national do-not-call rules for the last twelve (12) months prior to the filing of this lawsuit in justice court.

**Response:** Exact Care objects to this Request as over broad, vague, and unduly burdensome. Exact Care also objects to this Request because it seeks information protected from disclosure by the

attorney-client privilege, the attorney work product doctrine, the common interest doctrine, and any other applicable statutory or common law privilege.

Subject to and without waiving the foregoing objections, pursuant to Federal Rule of Civil Procedure 33(d) to the extent there are any non-privileged communications responsive to this Request, Exact Care will produce non-privileged, responsive documents subject to the Preamble on a rolling basis.

**Interrogatory 12:** Identify the dates prior to call identified current live complaint that Defendant verified Plaintiff's phone number was in the national do-not-call registry and the person who did that verification.

**Response:** Exact Care objects to this Request to the extent the phrase "prior to call identified current live complaint" is vague, ambiguous, and subject to inconsistent interpretation. Exact Care also objects to this request to the extent it seeks documents and information that are within the possession of Exact Care's vendor and not within Exact Care's possession.

Subject to and without waiving the foregoing objections, *see* Exact Care's Answer to Plaintiff's First Amended Complaint at Paragraph 21 and all exhibits attached thereto.

**Interrogatory 13:** Identify the person who secured the registration certificate under Texas Business & Commerce Code § 302.101.

**Response:** Exact Care objects to this Request because it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, and any other applicable statutory or common law privilege.

Subject to and without waiving the foregoing objections, Gary Davis.

**Interrogatory 14:** Identify all vendors involved in making the outbound call to Plaintiff. This includes, but is not limited to, third parties that collected, generated, sold, transmitted, processed, or otherwise handled Plaintiff's telephone number or alleged consent prior to Defendant receiving it, and state the date each entity transferred the information and the method of transfer.

**Response:** Exact Care objects to this Request as over broad, unduly burdensome, and duplicative of prior Requests. Exact Care also objects to this Request to the extent it seeks information that is not within Exact Care's possession, custody, or control.

Subject to and without waiving the foregoing objections, *see* Exact Care's Answer to Plaintiff's First Amended Complaint at Paragraph 21, all exhibits attached thereto, and Exact Care's Response to Interrogatory 3.

**Interrogatory 15:** Identify the material documents, database records, or electronic records that Defendant contends evidences Plaintiff's consent to receive telemarketing calls, including the date the record was created and the entity that created it.

**Response:** Exact Care objects to this Request as over broad and unduly burdensome. Exact Care also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, and any other applicable statutory or common law privilege. Exact Care also objects to this Request to the extent it seeks information that is not within Exact Care's possession, custody, or control.

Subject to and without waiving the foregoing objections, pursuant to Federal Rule of Civil Procedure 33(d) to the extent there are any non-privileged communications responsive to this

Request, Exact Care will produce non-privileged, responsive documents subject to the Preamble on a rolling basis.

**Interrogatory 16:** Describe the supervision, monitoring, or compliance oversight Defendant exercised over any third party that placed telemarketing calls on its behalf during the time period relevant to this lawsuit.

**Response:** Exact Care objects to this Request as vague, ambiguous, and subject to inconsistent interpretations. Exact Care also objects to this Request to the extent it improperly requests a narrative response that is more properly suited for a deposition.

Subject to and without waiving the foregoing objections, pursuant to Federal Rule of Civil Procedure 33(d) to the extent there are any non-privileged communications and documents responsive to this Request, Exact Care will produce non-privileged, responsive documents subject to the Preamble on a rolling basis.

**Interrogatory 17:** Identify how you obtained Plaintiff's telephone number, including, but not limited to, the person(s) from whom you obtained Plaintiff's telephone number, the relationship between you and any person(s) from whom you obtained Plaintiff's telephone number, when you obtained Plaintiff's telephone number, and the reason(s) you obtained Plaintiff's telephone number.

**Response:** Exact Care objects to this Request as over broad, unduly burdensome, and duplicative of prior Requests. Exact Care also objects to this Request to the extent it seeks information that is not within Exact Care's possession, custody, or control.

Subject to and without waiving the foregoing objections, *see* Exact Care's Answer to Plaintiff's First Amended Complaint at Paragraph 21, all exhibits attached thereto, and Exact Care's Response to Interrogatory 3.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**Request No. 1:** Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**Response:** Exact Care objects to this Request to the extent it purports to impose upon Exact Care obligations greater than those required by the Federal Rules of Civil Procedures, Local Rules, or relevant Standing Orders. Exact Care also objects to this Request to the extent it seeks documents protected from disclosure by the attorney work product doctrine, the common interest doctrine, and any other applicable statutory or common law privilege.

Subject to and without waiving the foregoing objections, Exact Care will produce responsive, non-privileged documents subject to the Preamble on a rolling basis after the parties agree upon an appropriate ESI protocol and a Stipulated Protective Order and to the extent such documents exist.

**Request No. 2:** Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

**Response:** Exact Care objects to this Request to the extent it purports to impose upon Exact Care obligations greater than those required by the Federal Rules of Civil Procedures, Local Rules, or relevant Standing Orders. Exact Care also objects to this Request to the extent it seeks information that is not within Exact Care's possession, custody, or control. Exact Care also objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, and any other applicable statutory or common law privilege.

Subject to and without waiving the foregoing objections, Exact Care will produce responsive, non-privileged documents subject to the Preamble on a rolling basis after the parties

agree upon an appropriate ESI protocol and a Stipulated Protective Order and to the extent such documents exist.

**Request No. 3:** Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff.

**Response:** Exact Care objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, and any other applicable statutory or common law privilege. Exact Care also objects to this Request as it misrepresents the allegations in this case as it refers to "calls" when Plaintiff only alleges one call occurred in his First Amended Complaint.

Subject to and without waiving the foregoing objections, Exact Care will produce responsive, non-privileged documents subject to the Preamble on a rolling basis after the parties agree upon an appropriate ESI protocol and a Stipulated Protective Order and to the extent such documents exist.

**Request No. 4:** Please produce all documents relating to any failure by a vendor of yours to abide by your policies or any agreement you had relating to the sending of outbound calls for the last twelve (12) months prior to the filing of this lawsuit in justice court.

**Response:** Exact Care objects to this Request as overbroad, vague and ambiguous. Exact Care also objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, and any other applicable statutory or common law privilege. Exact Care also objects to this Request to the extent it seeks information that is not within Exact Care's possession, custody, or control.

Subject to and without waiving the foregoing objections, Exact Care will produce responsive, non-privileged documents subject to the Preamble on a rolling basis after the parties agree upon an appropriate ESI protocol and a Stipulated Protective Order and to the extent such documents exist.

**Request No. 5:** Please produce all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours on your behalf, for allowing or making allegedly unlawful or unauthorized outbound calls for the last twelve (12) months prior to the filing of this lawsuit in justice court. This request, but is not limited to, any written complaints (litigation or prelitigation) received by you, any response sent, and any internal correspondence about the same.

**Response:** Exact Care objects to this Request as overly broad, unduly burdensome, and irrelevant to the facts and contentions of this case. Exact Care also objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, and any other applicable statutory or common law privilege. Exact Care also objects to this Request to the extent it seeks information that is not within Exact Care's possession, custody, or control. Exact Care further objects to this request as it seeks information that is publicly available and accessible to Plaintiff.

Subject to and without waiving the foregoing objections, Exact Care will produce responsive, non-privileged internal documents subject to the Preamble on a rolling basis after the parties agree upon an appropriate ESI protocol and a Stipulated Protective Order and to the extent such documents exist.

**Request No. 6:** All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information.

**Response:** Exact Care objects to this Request to the extent it seeks documents that are proprietary and confidential. Exact Care also objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, and any other applicable statutory or common law privilege.

Subject to and without waiving the foregoing objections, Exact Care will produce responsive, non-privileged documents subject to the Preamble on a rolling basis after the parties agree upon an appropriate ESI protocol and a Stipulated Protective Order and to the extent such documents exist.

**Request No. 7:** All internal communications at your company regarding any vendor that provided you with the Plaintiff's telephone number or information.

**Response:** Exact Care objects to this Request as overly broad, unduly burdensome, and irrelevant to the facts and contentions of this case as it seeks any and every communication regarding the specific vendor irrespective of whether the communication has any conceivable connection to Plaintiff's claims related to a single call. Exact Care also objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, and any other applicable statutory or common law privilege.

Subject to and without waiving the foregoing objections, Exact Care will produce responsive, non-privileged documents subject to the Preamble on a rolling basis after the parties agree upon an appropriate narrowing of this request and an ESI protocol and a Stipulated Protective Order and to the extent such documents exist.

**Request No. 8:** All contracts or documents representing agreements with any third party that dialed the calls to the Plaintiff.

**Response:** Exact Care objects to this Request to the extent it seeks documents that are proprietary and confidential. Exact Care also objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, and any other applicable statutory or common law privilege. Exact Care also objects to this Request as it is duplicative of prior Requests and misrepresents the allegations in this case as it refers to "calls" when Plaintiff only alleges one call occurred in his First Amended Complaint.

Subject to and without waiving the foregoing objections, Exact Care will produce responsive, non-privileged documents subject to the Preamble on a rolling basis after the parties agree upon an appropriate ESI protocol and a Stipulated Protective Order and to the extent such documents exist.

**Request No. 9:** All communications with any third party that dialed the calls to the Plaintiff.

**Response:** Exact Care objects to this Request as overly broad, unduly burdensome, and irrelevant to the facts and contentions of this case as it seeks any and every communication irrespective of whether the communication has any conceivable connection to Plaintiff's claims related to a single call. Exact Care also objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, and any other applicable statutory or common law privilege. Exact Care also objects to this Request as it misrepresents the allegations in this case as it refers to "calls" when Plaintiff only alleges one call occurred in his First Amended Complaint.

Subject to and without waiving the foregoing objections, Exact Care will produce responsive, non-privileged documents subject to the Preamble on a rolling basis after the parties

agree upon an appropriate narrowing of this request and an ESI protocol and a Stipulated Protective Order and to the extent such documents exist.

**Request No. 10:** All internal communications at your company regarding any third party that dialed the calls to the Plaintiff.

**Response:** Exact Care objects to this Request as overly broad, unduly burdensome, and irrelevant to the facts and contentions of this case as it seeks any and every communication regarding the specific third party irrespective of whether the communication has any conceivable connection to Plaintiff's claims related to a single call. Exact Care also objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, and any other applicable statutory or common law privilege. Exact Care objects to this Request as it misrepresents the allegations in this case as it refers to "calls" when Plaintiff only alleges one call occurred in his First Amended Complaint.

Subject to and without waiving the foregoing objections, Exact Care will produce responsive, non-privileged documents subject to the Preamble on a rolling basis after the parties agree upon an appropriate ESI protocol and a Stipulated Protective Order and to the extent such documents exist.

**Request No. 11:** Please produce all training logs for personnel for compliance with state and federal do-not- call lists or similar restrictions for the last twelve (12) months prior to the filing of this lawsuit in justice court.

**Response:** Exact Care objects to this Request as vague and ambiguous and subject to inconsistent interpretations as the term "training logs" is not defined. Subject to and without waiving the foregoing objections, Exact Care does not have documents responsive to this Request.

**Request No. 12:** Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**Response:** Exact Care objects to this Request as overly broad, unduly burdensome, and irrelevant to the facts and contentions of this case.

Subject to and without waiving the foregoing objections, Exact Care will produce responsive, non-privileged documents subject to the Preamble on a rolling basis after the parties agree upon an appropriate ESI protocol and a Stipulated Protective Order and to the extent such documents exist.

**Request No. 13:** Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**Response:** Exact Care objects to this Request to the extent it seeks documents that are proprietary and confidential. Exact Care also objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, and any other applicable statutory or common law privilege.

Subject to and without waiving the foregoing objections, Exact Care will produce responsive, non-privileged documents subject to the Preamble on a rolling basis after the parties agree upon an appropriate ESI protocol and a Stipulated Protective Order and to the extent such documents exist.

**Request No. 14:** Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force for the last twelve (12) months prior to the filing of this lawsuit in justice court. This request specifically includes, but is not limited to, policies related to the following:

a. compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200, including, but not limited to, 47 C.F.R. § 64.1200(c)(2).
b. obtaining or verifying prior express consent;
c. complying with E-SIGN Act, 15 U.S.C. §§ 7001 et seq.

**Response:** Exact Care objects to this Request as overly broad, unduly burdensome, and irrelevant to the facts and contentions of this case. Exact Care also objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, and any other applicable statutory or common law privilege. Exact Care also objects to this Request as it calls for legal conclusions. Exact Care also objects to this Request to the extent it seeks information that is not within Exact Care's possession, custody, or control.

Subject to and without waiving the foregoing objections, Exact Care will produce responsive, non-privileged documents subject to the Preamble on a rolling basis after the parties agree upon an appropriate ESI protocol and a Stipulated Protective Order and to the extent such documents exist.

**Request No. 15:** All communications with any third party concerning this litigation other than your counsel.

**Response:** Exact Care objects to this Request as overly broad, unduly burdensome, vague, and irrelevant to the facts and contentions of this case. Exact Care also objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, and any other applicable statutory or common law privilege.

Subject to and without waiving the foregoing objections, Exact Care will produce responsive, non-privileged documents subject to the Preamble on a rolling basis after the parties agree upon an appropriate ESI protocol and a Stipulated Protective Order and to the extent such documents exist.

**Request No. 16:** Produce a copy of the Registration Certificate obtained under Texas Business & Commerce Code § 302.101.

**Response:** Exact Care objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, and any other applicable statutory or common law privilege. Exact Care also objects to the extent it is not required to obtain a Registration Certificate. *See Ecommerce Marketers Alliance, Inc. v. State of Texas*, 1:25-cv-1401, ECF No. 26 at 2 (W.D. Tex. Nov. 6, 2025) ("Defendants explained that the Office of the Attorney General of Texas does not understand SB 140 as extending Chapter 302's requirements to businesses which operate consent-based marketing programs[.] Specifically, Defendants argued that a "call," as that term is used in Chapter 302, incorporates Chapter 304's exemption for a 'transmission made to a mobile telephone number as part of an ad-based telephone service, in connection with which the

telephone service customer has agreed with the service provider to receive the transmission.' Tex. Bus. & Com. Code § 304.002(10).").

**Request No. 17:** Produce all records relating to any LeadID, TrustedForm, Jornaya, or similar lead certification relating to the Plaintiff, including the underlying event logs and metadata.

**Response:** Exact Care objects to this Request as ambiguous, vague, and subject to inconsistent interpretations as the term "event logs" is not defined. Exact Care also objects to this Request to the extent it seeks documents that are proprietary and confidential. Exact Care also objects to this Request to the extent it seeks information that is not within Exact Care's possession, custody, or control.

Subject to and without waiving the foregoing objections, Exact Care will produce responsive, non-privileged documents subject to the Preamble on a rolling basis after the parties agree upon an appropriate ESI protocol and a Stipulated Protective Order and to the extent such documents exist.

**Request No. 18:** Produce the complete event log and all associated metadata relating to any Jornaya, LeadID, TrustedForm, or similar certification relating to Plaintiff, including:

a. IP address logs;
b. Timestamp records;
c. Referrer URL;
d. User agent information;
e. Page capture records
f. Clickstream data; and

g. Any hash values or verification tokens generated for the lead.

**Response:** Exact Care objects to this Request as ambiguous, vague, and subject to inconsistent interpretations as the terms listed in subparts (a)-(g) are not defined. Exact Care also objects to this Request to the extent it seeks documents that are proprietary and confidential. Exact Care also objects to this Request to the extent it seeks information that is not within Exact Care's possession, custody, or control.

Subject to and without waiving the foregoing objections, Exact Care will produce responsive, non-privileged documents subject to the Preamble on a rolling basis after the parties agree upon an appropriate ESI protocol and a Stipulated Protective Order and to the extent such documents exist.

**Request No. 19:** Produce a complete capture of every webpage on which Plaintiff allegedly provided consent, including:

a. The full webpage;

b. All disclosures visible to the user;

c. The exact consent language;

d. Any hyperlinks referenced in the consent language; and

e. The form fields completed by the user.

**Response:** Exact Care objects to this Request as over broad, unduly burdensome, ambiguous, vague, and subject to inconsistent interpretations. Exact Care also objects to this Request to the extent this information is more readily available to Plaintiff. Exact Care also objects to this Request to the extent it seeks information that is not within Exact Care's possession, custody, or control.

Subject to and without waiving the foregoing objections, Exact Care will produce responsive, non-privileged documents subject to the Preamble on a rolling basis after the parties agree upon an appropriate ESI protocol and a Stipulated Protective Order and to the extent such documents exist.

**Request No. 20:** Produce all records reflecting the transmission, sale, or transfer of Plaintiff's telephone number or lead information to Defendant, including:

a. Purchase orders;

b. Invoices;

c. Lead deliver reports;

d. API transmission logs;

e. Batch upload logs; and

f. Data field mapping used to transmit the lead.

**Response:** Exact Care objects to this Request as over broad, unduly burdensome, ambiguous, vague, and subject to inconsistent interpretations. Exact Care also objects to this Request to the extent it seeks confidential or proprietary information. Exact Care also objects to this Request to the extent it seeks information that is not within Exact Care's possession, custody, or control.

Subject to and without waiving the foregoing objections, Exact Care will produce responsive, non-privileged documents subject to the Preamble on a rolling basis after the parties agree upon an appropriate ESI protocol and a Stipulated Protective Order and to the extent such documents exist.

**Request No. 21:** Produce all call routing records relating to the call to Plaintiff, including any SIP logs, trunk routing records, originating carrier records, and caller ID transmission records.

**Response:** Exact Care objects to this Request as over broad, unduly burdensome, ambiguous, vague, and subject to inconsistent interpretations. Exact Care also objects to this Request to the extent it seeks information that is not within Exact Care's possession, custody, or control.

Subject to and without waiving the foregoing objections, Exact Care will produce responsive, non-privileged documents subject to the Preamble on a rolling basis after the parties agree upon an appropriate ESI protocol and a Stipulated Protective Order and to the extent such documents exist.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSIONS

**Request for Admission No. 1:** Admit you used a third party to call Plaintiff.

**Response:** Exact Care admits that it contracts with a vendor called Conversion Finder and that it was this vendor who placed the call to Plaintiff after Plaintiff provided consent to be contacted.

**Request for Admission No. 2:** Admit Plaintiff never made contact with you prior to him being called by your third-party vendor.

**Response:** Deny.

**Request for Admission No. 3:** Admit Plaintiff did not give any express written consent by way of clear disclosure, to make contact with him.

**Response:** Deny.

**Request for Admission No. 4:** Admit Plaintiff did not sign any document giving permission to Defendant.

**Response:** Exact Care objects to this Request as ambiguous to the extent the phrase "giving permission to Defendant" is subject to inconsistent interpretation and it is unclear as to what is meant by this phrase. Exact Care further objects to this Request on the grounds that it appears to be premised on the legality of an e-signature and, as such, calls for a legal conclusion. Subject to and without waiving the foregoing objection, deny.

**Request for Admission No. 5:** Admit you received a demand letter from Plaintiff on August 20, 2025.

**Response:** Exact Care admits it received, via its registered agent, a correspondence from Plaintiff purported to be a demand letter. Exact Care denies any allegations of wrongdoing or violations of the TCPA or other statutes set forth in this demand letter.

**Request for Admission No. 6:** Admit Plaintiff made demand under both federal and Texas law in the letter referenced in Admission 5.

**Response:** Exact Care objects to this Request as it calls for speculation and legal conclusions to the extent it requires Exact Care to assume what Plaintiff was intending with the demand referenced in Admission 5. Subject to and without waiving the foregoing objection, Exact Care denies any allegations of wrongdoing or violations of the TCPA or other statutes set forth in this demand letter.

**Request for Admission No. 7:** Admit Plaintiff emailed you at *help@anewhealthrx.com* on August 28, 2025, to see if a response to the demand was forthcoming.

**Response:** Exact Care objects to this Request as it calls for speculation to the extent it requires Exact Care to assume what Plaintiff was intending with the referenced email. Exact Care further objects to this Request as it has no bearing on the parties' claims or defenses in this case and, as such, is unduly burdensome. Subject to and without waiving the foregoing objection, Exact Care admits it received an email from Plaintiff on August 28, 2025.

**Request for Admission No. 8:** Admit or Deny on August 29, 2025, Defendant's Senior Vice President of Compliance, responded, alleging, "We have inquired with all of our engagement partners and no one has any record of calling 732-965-5111, nor is that phone number or your

name in any of our databases. This phone number is also out of service. At this point I think there must be some type of mistake."

**Response:** Exact Care admits that Plaintiff accurately quotes the email sent by its Senior Vice President of Compliance on August 29, 2025 but denies that the quoted language has any bearing on Plaintiff's claim given that Exact Care's continued investigation determined that Plaintiff consented to the call at issue.

**Request for Admission No. 9:** Admit or Deny on September 4, 2025, Todd Donnelly sent an email showing alleged "Lead" information from a vendor "Jornaya."

**Response:** Exact Care admits that Plaintiff was emailed evidence that he consented to the call at issue.

**Request for Admission No. 10:** Admit or Deny on September 4, 2025, Mr. Donnelly provided information to Plaintiff that alleged Plaintiff created an online request to be contacted on February 11, 2025, at 11:29 Central Time.

**Response:** Exact Care admits that Plaintiff was provided evidence through a Verisk report that he consented to the call at issue by completing an online interest form on TopInsuranceDeal's website.

**Request for Admission No. 11:** Admit or Deny on September 15, 2025, Plaintiff called Mr. Donnelly at 440-554-5004.

**Response:** Exact Care cannot admit or deny this Request as it has no written record of this call.

**Request for Admission No. 12:** Admit or Deny on September 15, 2025, Mr. Donnelly informed Plaintiff his counsel advised Defendant that Defendant had been compliant in all matters.

**Response:** Exact Care cannot admit or deny this Request as it has no written record of this call.

**Request for Admission No. 13:** Admit or Deny on September 15, 2025, Mr. Donnelly informed Plaintiff he also "gets spam calls."

**Response:** Exact Care cannot admit or deny this Request as it has no written record of this call.

**Request for Admission No. 14:** Admit or Deny on September 15, 2025, Mr. Donnelly told Plaintiff to he should "do what [he] needs to do."

**Response:** Exact Care cannot admit or deny this Request as it has no written record of this call.

**Request for Admission No. 15:** Admit or Deny on September 15, 2025, Mr. Donnelly the evidence was fabricated of a third-party lead.

**Response:** Exact Care objects to this Request as ambiguous to the extent the phrase " Mr. Donnelly the evidence was fabricated of a third-party lead" is nonsensical and subject to inconsistent interpretation and it is unclear as to what is meant by this phrase. Subject to and without waiving the foregoing objection, denied that Exact Care "fabricated" anything.

**Request for Admission No. 16:** Admit or Deny on September 15, 2025, Mr. Donnelly told Plaintiff he should not be suing over a few calls.

**Response:** Exact Care cannot admit or deny this Request as it has no written record of this call.

**Request for Admission No. 17:** Admit or Deny you do not have a registration certificate to make marketing calls in this state.

**Response:** Exact Care objects to this Request to the extent it is not required to obtain a Registration Certificate. *See Ecommerce Marketers Alliance, Inc. v. State of Texas*, 1:25-cv-1401, ECF No. 26 at 2 (W.D. Tex. Nov. 6, 2025) ("Defendants explained that the Office of the Attorney General of Texas does not understand SB 140 as extending Chapter 302's requirements to businesses which operate consent-based marketing programs[.] Specifically, Defendants argued that a "call," as that term is used in Chapter 302, incorporates Chapter 304's exemption for a 'transmission made to a mobile telephone number as part of an ad-based telephone service, in connection with which the telephone service customer has agreed with the service provider to receive the transmission.' Tex. Bus. & Com. Code § 304.002(10).").

Dated: July 29, 2026

*/s/ Colleen O'Neil*
Gregg R. Brown (031290)
GERMER, BEAMAN & BROWN PLLC
1501 S. Mopac Expressway, Suite A400
Austin, TX 78746
Tel: 512-472-0288
Fax: 512-472-9260
Email: grb-svc@germer-austin.com

Colleen M. O'Neil, *pro hac vice*
Samantha Lamka, *pro hac vice*
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
Tel: (216) 622-8200
Fax: (216) 241-0816
Email: coneil@calfee.com
slamka@calfee.com

*Counsel for Defendant Exact Care Pharmacy, LLC*

**CERTIFICATE OF SERVICE**

I certify that on July 29, 2026, the foregoing was served by email on the following:

Stephen Casey
Verdict Law, PLLC
1604 Rio Grande Street
Austin, Texas 78746
(512) 887-1900 Telephone
(512) 887-1901 Telecopier
Email: Stephen@verdictlaw.law

*Counsel for Plaintiff Brian Taravella*

*/s/ Colleen O'Neil*
One of the Attorneys for Defendant