EXHIBIT 3

exhibitsticker.com

Stephen D. Casey
VERDICT LAW, PLLC
1604 Rio Grande Street
Austin, Texas 78701

Ph: (512) 887-1900
Fax: (512) 887-1901
stephen@verdictlaw.law

November 10, 2026

***Via E-Mail: slamka@calfee.com; coneil@calfee.com***
Samantha Lamka
Colleen O'Neil
CALFEE, HALTER & GRISWOLD
1405 East Sixth Street
Cleveland, Ohio 44114-1604

RE: Case No. 1:25-cv-01692-RP, *Brian Taravella v. Exact Care Pharmacy, LLC*, in the Western District of Texas, Austin Division; Discovery Extension and Rule 26 edits

Dear Counsel,

Responsive to your email this morning, I plan to file this week; however, the timeline shifted, as explained below. And thank you for your email yesterday, and for offering to check with your client and supplement. We appreciate it.

We went back through the production, though, and we don't think a supplement alone gets us there. So we'd like to confer under Local Rule CV-7(g), hence this longer letter.

Here's the concern: of the 5,584 pages produced, 5,477 are the same blank QA scorecard (meaning around 98% of production is the same blank page). That leaves about only 107 pages of substance. Respectfully, we can't agree that the production is thin because Mr. Taravella "was never transferred."

Whether he was transferred is one of the very facts we're disputing. Right now the only support for it is Exact Care's answer to Interrogatory No. 5, which isn't verified. The documents that would settle it are the daily transfer reports, the transfer invoices, and the call records. Exact Care's own contract with Conversion Finder requires those records to be kept and delivered to Exact Care. Those are part of the documents we asked for, and we haven't received them.

On the ESI protocol: Exact Care's responses made 19 of its 21 document responses, and four interrogatory answers, conditional on an ESI protocol and protective order. Your July 20 letter described that as "standard practice" required "prior to the production of documents." We sent our redline of the ESI order on August 31 and didn't hear back until I followed up. But that leaves massive discovery outstanding on a hurdle Exact Care set up and but never provided.

We've attached a summary of what remains outstanding. If we can work this out, great. If not, we plan to move under Rule 16(b)(4) to modify the Scheduling

Order to reopen discovery to correct the course. It would likely be a move of discovery until 1/15/27 and dispositive motions until 2/15/27.

Could you let us know by Friday, November 13, at 5:00 p.m. Central whether Exact Care would oppose the motion? We'd be glad to work out an agreed order instead, and are available for a call Thursday or Friday. Thanks. If we don't hear back by then, we'll note the motion as opposed, and take no offense either way.

To keep the record clear, nothing here narrows Plaintiff's requests or waives the positions we've previously reserved on timeliness, waiver, and Rule 37.

Thank you for your consideration.

Respectfully,

Stephen D. Casey
VERDICT LAW, PLLC
Attorney at Law

Cc: Client, *via email*
Gregg Brown (grb-svc@germer-austin.com)
Ben Martin (bmartin@germer-austin.com)