EXHIBIT
5

*Taravella v. Exact Care Pharmacy, LLC, No. 1:25-cv-01692-RP (W.D. Tex.)*

# EXACT CARE'S ESI-CONDITIONED DISCOVERY RESPONSES: SCOPE AND CHRONOLOGY

## I. SUMMARY

Exact Care conditioned 19 of its 21 document responses, and 4 of its 17 interrogatory answers, on an ESI protocol and stipulated protective order. Its counsel called that condition "standard practice" required "prior to the production of documents." Plaintiff returned a redlined ESI order on August 31, 2026. Exact Care never responded to it. On November 9, 2026, after discovery closed, Exact Care pronounced the protocol "a moot point now."

The condition did not shrink a corner of discovery. It swallowed it. Every request reaching the alleged transfer, the lead chain, the consent metadata, the vendor relationship, and the policies in force on February 14, 2025 sits behind the condition. Only two document requests escaped it. Exact Care answered one with "no documents" (No. 11) and refused the other on a merits argument (No. 16).

What came out from behind the condition is thin. The production totals 5,584 pages. Of those, 5,477 pages (98.1%) are one blank quality-assurance scorecard repeated by a formatting error. The substantive production is about 107 pages. Much of it is Plaintiff's own correspondence and Plaintiff's own recording, produced back to him twice.

## II. THE NUMBERS

| Category | Withheld behind the ESI condition | Remainder |
|---|---|---|
| Requests for Production (21) | 19 conditioned on the ESI protocol and protective order: Nos. 1–10, 12–15, and 17–21 (two also conditioned on a "narrowing": Nos. 7 and 9) | No. 11: "no documents." No. 16: refused on a merits argument. |
| Interrogatories (17) | 4 deferred to Rule 33(d) documents "subject to the Preamble": Nos. 6, 11, 15, and 16 | 5 answered only by reference to the Answer, Paragraph 21: Nos. 4, 8, 12, 14, and 17. No. 7 offers only to confer. No. 10 is objection only. None is verified. |
| Production (5,584 pages) | 5,477 pages (98.1%) are a blank QA scorecard (000103–005579) | About 107 pages are substantive (000001–000102 and 005580–005584). Three native files. No metadata. |

## III.
## CHRONOLOGY OF THE ESI CONDITION

| Date | Event |
|---|---|
| March 11, 2026 | Plaintiff serves 17 interrogatories, 21 requests for production, and 17 requests for admission. |
| March 19, 2026 | Counsel agree responses are due 30 days after Exact Care responds to Plaintiff's settlement offer. |
| April 20, 2026 | Exact Care responds to the settlement offer. Responses become due May 20, 2026. |
| July 15, 2026 | Plaintiff extends the deadline to July 29, 2026 as a professional courtesy, reserving waiver and Rule 37 rights. |
| July 20, 2026 | Exact Care: "our standard practice requires a Protective Order and ESI Protocol prior to the production of documents since the information within constitutes confidential business material. We will send draft agreements to you this week." (**Exhibit 2**.) |
| July 28, 2026 | Plaintiff: no draft has arrived, and the July 29 deadline "is not contingent on finalizing a Protective Order or ESI Protocol." (**Exhibit 3**.) [Confirm the date Exact Care's draft ESI protocol arrived.] |
| July 29, 2026 | Exact Care serves its *Responses and Objections*. The Preamble and 19 document responses promise production "on a rolling basis after the parties agree upon an appropriate ESI protocol and a Stipulated Protective Order." (**Exhibit 1** at 4–5, 14–26.) |
| [Date] | Exact Care produces EXACTCARE-TARAVELLA_000001–005584. [Confirm production date.] |
| August 31, 2026 | Plaintiff sends a redline and a clean copy of the ESI order and offers a call. (**Exhibit 4** at 2–3.) |
| Aug. 31 – Nov. 9, 2026 | Exact Care sends no response to the redline. [Confirm; confirm also whether any protective order was entered.] |
| [October __, 2026] | Discovery closes under the *Scheduling Order* (ECF No. 19). [Confirm date.] |
| November 9, 2026 | Plaintiff follows up. Exact Care: "Given discovery is closed, we see the ESI protocol as a moot point now." Then: "We produced the responsive documents in our client's possession that pertained to your client and his claims even absent the ESI protocol." (**Exhibit 4** at 1–2.) |
| November 10, 2026 | Plaintiff confers in writing and sends a summary of the discovery still outstanding. (**Exhibit 7**.) |
| November 11, 2026 (Veterans Day) | Exact Care says it "will work to produce and supplement its responses or documents based off the list provided" and "will make any necessary supplementation even without the ESI protocol," but opposes reopening discovery. It asks for Plaintiff's position on a December 7 dispositive deadline "by 2:00 pm EST **today**" (emphasis in original) and files its own extension motion (ECF No. 21) the same day. (**Exhibit 8**.) |

## IV.
## WHY THE CONDITION COVERS THE BULK OF DISCOVERY

Exact Care's defense is consent. Plaintiff's case is that the consent record was manufactured after the call began. Both turn on records Exact Care holds or controls: the transfer reports and invoices that show whether the call reached Exact Care, the event logs and page captures that show when and where the "consent" was created, the vendor contracts and

communications that show who called and on whose behalf, and the policies in force on the day of the call. Each of those categories sits behind the ESI condition (Request Nos. 3, 6–10, 14, and 17–21; Interrogatory Nos. 6, 11, 15, and 16).

Exact Care now says it produced little because Plaintiff "was never transferred." That premise is the disputed fact itself. Exact Care's only support for it is an unverified interrogatory answer (No. 5). The records that would prove or disprove it are the daily transfer reports and $70-per-transfer invoices its own contract requires Conversion Finder to deliver (000062). Exact Care withheld exactly those records. A party may not answer the contested question in its own favor and then treat that answer as the reason to withhold the records that test it.

Nor does the November 9 email reconcile the two positions. If Exact Care could produce "even absent the ESI protocol," the condition was never a reason to withhold, and every conditioned request was due on July 29. If the protocol was truly a prerequisite, the documents behind it are still owed. Either way, the condition cannot become moot through Exact Care's own silence on Plaintiff's August 31 redline.