EXHIBIT
10

exhibitsticker.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **BRIAN TARAVELLA,** Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 1:25-cv-01692-RP |
| **EXACT CARE PHARMACY, LLC,** Defendant. | § | |

## DECLARATION OF STEPHEN D. CASEY

1. My name is Stephen D. Casey. I am counsel for Plaintiff Brian Taravella. I am over eighteen and competent to make this declaration, and I have personal knowledge of the facts stated here.

2. On March 11, 2026, Plaintiff served his first set of interrogatories, requests for production, and requests for admission on Defendant.

3. On March 19, 2026, counsel agreed Defendant's responses would be due thirty days after Defendant responded to Plaintiff's settlement offer. Defendant responded on April 20, 2026, so its responses were due May 20, 2026. Defendant served nothing by that date.

4. On July 9, 2026, I wrote to Defendant's counsel about the overdue responses. On July 14, 2026, Defendant asked for thirty more days. On July 15, 2026, I extended the deadline to July 29, 2026, reserving all of Plaintiff's rights.

5. **Exhibit 1** is a true and correct copy of Defendant's responses and objections served July 29, 2026. **Exhibit 2** is a true and correct copy of Ms. Lamka's letter dated July 20, 2026. **Exhibit 3** is a true and correct copy of my letter dated July 28, 2026.

6. Defendant transmitted its draft ESI protocol on July 28, 2026. Defendant produced EXACTCARE-TARAVELLA_000001 through 005584 on July 29, 2026. The production

came as TIFF images without metadata, with no index, and with no label identifying which pages respond to which request. Neither Defendant's original nor its amended responses identifies a Bates number. Pages 000103 through 005579 consist of a single blank quality-assurance scorecard. The production contains no transfer report, invoice, lead-certification event log, page capture, call-routing record, or communication between Defendant and its vendors about Plaintiff.

7. On August 31, 2026, I returned Defendant's ESI order to its counsel with Plaintiff's redline. Defendant never responded to the redline or proposed another protocol. **Exhibit 4** is a true and correct copy of the email exchange between Ms. Lamka and me from August 31 through November 9, 2026. Discovery closed on October 1, 2026. Defendant took Plaintiff's deposition on October 9, 2026.

8. **Exhibit 5** and **Exhibit 6** are summaries prepared under my direction from Defendant's responses, its production, and counsel's correspondence. They are accurate to the best of my knowledge.

9. **Exhibit 7** is a true and correct copy of my conference email to Defendant's counsel dated November 10, 2026, with its attachment. **Exhibit 8** is a true and correct copy of Ms. Lamka's letter dated November 11, 2026.

10. November 11, 2026, was Veterans Day. I am a veteran of the United States Navy, and I was out of the office that day. Defendant's letter asked for Plaintiff's position "by 2:00 pm EST **today**." (emphasis in original). Defendant filed its motion (ECF No. 21) **the same day**.

11. **Exhibit 9** is a true and correct copy of Defendant's amended responses and objections, served by email on August 18, 2026, and the Verification of Meghan C. Bublitz dated

August 12, 2026. The verification Defendant provided includes a DocuSign Certificate of Completion and an Electronic Record and Signature Disclosure issued by Tabula Rasa HealthCare, Inc. The amended responses leave the Preamble and each condition on production unchanged.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Travis County, Texas, on November 12, 2026. *See* 28 U.S.C. § 1746.

By: ______________________
Stephen D. Casey