UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BRIAN TARAVELLA, Plaintiff, v. EXACT CARE PHARMACY, LLC, Defendant. | Case No. 1:25-CV-01692-RP<br>JUDGE ROBERT PITMAN<br>**DEFENDANT EXACT CARE PHARMACY, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

## I. INTRODUCTION

Defendant Exact Care Pharmacy, LLC ("Exact Care") hereby respectfully moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Despite Plaintiff Brian Taravella's ("Plaintiff") untimely request to reopen discovery and misrepresented assertions of facts (*see generally* ECF No. 22),[1] this case can be resolved on the pleadings and be dismissed in its entirety before spending more of the parties' and the Court's time and resources.

Plaintiff brings four causes of action in his First Amended Complaint ("FAC"), stemming from an alleged **single** phone call. *See generally* ECF No. 13. His first claim, arising from the Telephone Consumer Protection Act ("TCPA"), fails as a matter of law since the statute's plain language which requires "**more than one** telephone call" to occur for an actionable claim under the TCPA. 47 U.S.C. § 227(c)(5). His other three claims, arising from state law, should also be dismissed because they depend on a viable TCPA claim or because Plaintiff's own allegations defeat them. In the event Plaintiff requests leave to amend his FAC, any such efforts are futile and

[1] Exact Care will seek a stay of the proceedings pending the resolution of this Motion or file a timely opposition to ECF No. 22 and explain why Plaintiff's Motion to Modify the Scheduling Order to Reopen Discovery and Extend the Dispositive Motion Deadline is untimely, prejudicial, and should be denied.

should be denied. In short, the Court can presently dispose of Plaintiff's claims in their entirety without requiring the parties to engage in any further litigation.

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff initially filed a *pro se* complaint with the Williamson County Justice Court which Exact Care timely removed to this Court. ECF No. 1. After removal, Plaintiff retained counsel and filed his FAC on January 16, 2026. ECF No. 13. The FAC elaborated on the same underlying facts as pled in Plaintiff's initial complaint. *Compare* ECF No. 1-1 *with id.* As stated in the FAC, Plaintiff alleges he received a single phone call from a number ending in -5111 on February 14, 2025. ECF No. 13 at ¶ 16. Plaintiff references this singular call repeatedly throughout the FAC. *Id.* at ¶¶ 19, 20, 21, 23. Rather than elaborate on the substance of this call, Plaintiff spends several paragraphs rehashing prelitigation communications he had with a representative of Exact Care. *See id.* at ¶¶ 22-31. Other than these allegations, the only remaining substantive allegation of fact merely states "[Exact Care] does not have a registration certificate to make marketing calls in this state." *Id.* at ¶ 32.

Exact Care filed its Answer to the FAC on January 30, 2026. ECF No. 16. Exact Care denied most of Plaintiff's allegations and maintained that consent to contact Plaintiff was properly obtained. ECF No. 16 at ¶ 21. However, Exact Care's consent-based defense does not need to be addressed with this Motion. Exact Care also notes for the record that the parties engaged in discovery, the discovery deadline as passed (ECF No. 19), and Plaintiff is belatedly attempting to reopen discovery and modify the case schedule. ECF No. 22. However, for purposes of the present Motion, the Court is limited to the pleadings, so it does not need to inquire about (or decide) any post-pleadings activity in this action. In other words, this case can be disposed of with the present Motion and should be decided before permitting any further activity in this case.

## III. STANDARD OF LAW

Federal Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered based on the substance of the pleadings and any judicially noted facts." *Molina v. Caliber Home Loans*, N.D.Tex. Civil Action No. 3:15-CV-00757-N, 2016 U.S. Dist. LEXIS 203417, at *8 (Dec. 8, 2016) (citing *Hebert Abstract Co., Inc. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)). "The standard for deciding a Rule 12(c) motion is the same as that employed in deciding a Rule 12(b)(6) motion." *Id.* A Rule 12 motion is "'not meant to resolve disputed facts or test the merits of a lawsuit' and 'instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief.'" *Horton v. Molina Healthcare of Texas, Inc.,* N.D.Tex. No. 3:25-CV-1206-X-BW, 2026 U.S. Dist. LEXIS 36380, at *7 (Feb. 6, 2026) (citing *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020)). The FAC fails to state a plausible case for relief under any federal or state law. Accordingly, Exact Care is entitled to judgment on the pleadings.

## IV. ARGUMENT

### a. ***Plaintiff's Federal TCPA Claim Fails as a Matter of Law per the Statute's Plain Language.***

Plaintiff's first cause of action alleges a violation of 47 C.F.R. § 64.1200(c)(2) which was promulgated under subsection (c) of the TCPA. *See* ECF No. 13 at ¶ 37-44; *See Bennett v. Allstate Ins. Co.,* W.D.Tex. No. A-25-CV-1294-RP, 2026 U.S. Dist. LEXIS 176840, at *5 (July 22, 2026) ("Section 227(c)(2) of the TCPA directs the Federal Communications Commission to promulgate regulations protecting consumers' privacy interests, and those regulations are codified at 47 C.F.R. § 64.1200."). 47 C.F.R. § 64.1200(c)(2) prohibits initiating a telephone solicitation to a **residential**

telephone subscriber whose number is listed on the national do-not-call registry. 47 C.F.R. § 64.1200(c)(2) (emphasis added). Under Fifth Circuit law, an alleged violation of 47 C.F.R. § 64.1200(c)(2) requires the plaintiff to allege sufficient facts to make it clear that his telephone is used for residential purposes. *See Guadian v. United Tax Defense LLC*, W.D.Tex. No. EP-23-CV-00349-KC, 2024 U.S. Dist. LEXIS 6572, at *14 (Jan. 12, 2024) (finding a plaintiff successfully demonstrated his phone was a residential number since he alleged it was for "personal [] use," was "'registered in his personal name and paid for from 'his personal accounts.'").

Apart from being the basis for 47 C.F.R. § 64.1200(c)(2)'s promulgation, subsection (c) of the TCPA also allows for a private right of action for any person "who has received **more than one telephone call** within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection[.]" 47 U.S.C. § 227(c)(5) (emphasis added). It is insufficient to establish liability under 47 U.S.C. § 227(c) when only a single call is alleged. *Gonzales v. Cordoba Legal Group, LLC*, W.D.Tex. No. 3:23-CV-00355-KC, 2026 U.S. Dist. LEXIS 25180, at *14 (Feb. 5, 2026); *see Pinn v. Hufsey Home Servs.*, N.D.Tex. No. 4:23-CV-1208-Y, 2024 U.S. Dist. LEXIS 255426, at *7-8 (June 4, 2024) (granting motion to dismiss since plaintiff "fail[ed] to plead more than one actionable call as required to assert a private right of action" under 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)); *see also Uwagbai v. Credence Resource Mgt., LLC*, S.D.Tex. No. 4:26-cv-02791, 2026 U.S. Dist. LEXIS 150392, at *7-8 (July 8, 2026) (same).

Taken together, Plaintiff's first cause of action required him to allege (1) his phone number was for residential purposes and (2) he received more than one call within a 12-month period. He fails on both fronts. Plaintiff makes no allegations that his telephone is for residential purposes (*i.e.*, for personal, family, or household use). *See Guadian,* 2024 U.S. Dist. LEXIS 6572, at *14.

At most, Plaintiff states "[u]nsolicited or 'SPAM' calls and texts disturb him in his solitude and family life." ECF No. 13 at ¶ 14. But there is no connection between how his phone is used and how this relates to his family life or solitude. Without more, Plaintiff cannot state a claim under 47 C.F.R. § 64.1200(c)(2) as he fails to plead facts showing he received a solicitation to his **residential** phone.

Should the Court look past this pleading deficiency or consider allowing Plaintiff to amend his complaint, such efforts would be pointless since his claim still fails for a more obvious reason: **he only received one call from Exact Care.** Per the TCPA's plain language, Plaintiff needed to allege he received "more than one telephone call" to survive dismissal. Even if Exact Care made the alleged call, it is still insufficient to establish liability under the TCPA. *See Gonzales,* 2026 U.S. Dist. LEXIS 25180, at *14 ("Plaintiff alleges, and Defendant confirms, at most a single call is directly attributable to the Defendant, which is insufficient to establish liability under [] 47 U.S.C. § 227(c)."). Accordingly, even assuming "plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Horton*, 2026 U.S. Dist. LEXIS 36380, at *7. As such, the Court should dismiss Plaintiff's federal TCPA claim with prejudice and enter judgment for Exact Care.

*b.* ***Because Plaintiff's Federal TCPA Claim Fails, His State Law Claim Under Tex. Bus. & Comm. Code § 305.053 Fails as Well.***

Plaintiff also brings a state law claim under Tex. Bus. & Comm. Code § 305.053(a) (ECF No. 13 at ¶¶ 56-61) which "establishes a cause of action under state law that allows a person to file suit in state court against a party that violates the TCPA." *Horton*, 2026 U.S. Dist. LEXIS 36380, at *13 (citing Tex. Bus. & Comm. Code § 305.053(a)). This claim necessarily depends on a viable TCPA claim. *Hunsinger v. Dynata LLC*, N.D.Tex. No. 3:22-cv-00136-G-BT, 2023 U.S. Dist. LEXIS 37879, at *22 (Feb. 7, 2023) ("'Section 305.053 "proscribes only that conduct which

is also prohibited by the TCPA. If no violation of the TCPA exists, there is no violation of" Tex. Bus. & Com. Code § 305.053(a)'").

Based on the preceding argument, Plaintiff does not have a successful TCPA claim under 47 U.S.C. § 227(c) so he therefore cannot have a successful claim under Tex. Bus. & Comm. Code § 305.053(a). *Id.* (dismissing a claim under section 305.053 because plaintiff also failed to state a claim under the TCPA); *Horton*, 2026 U.S. Dist. LEXIS 36380, at *30 (same). As such, Plaintiff's claim under Tex. Bus. & Comm. Code § 305.053(a) fails and should be dismissed with prejudice along with his federal TCPA claim.

c. ***Plaintiff's Remaining State Law Claims are Doomed by His Own Allegations.***

Finally, Plaintiff's remaining claims should also be dismissed. Plaintiff brings a claim under Tex. Bus. & Comm. Code § 302.101 due to Exact Care's alleged failure to have a registration certificate while making calls in Texas. ECF No. 13 at ¶ 46. Section 302.101 does not, however, create a private right of action. *Callier v. Holistic Choice Labs LLC*, W.D.Tex. No. EP-25-CV-00606-KC, 2026 U.S. Dist. LEXIS 255699, at *16 (Nov. 6, 2026). However, Tex. Bus. & Comm. Code § 302.303 expressly authorizes private enforcement of Chapter 302 violations. *Id.* Therefore, it seems Plaintiff brings a claim under Tex. Bus. & Comm. Code § 17 to establish a private right of action, which is permitted under § 302.303, for Exact Care's alleged violation of § 302.101. ECF No. 13 at ¶ 49.

As Plaintiff acknowledges, Tex. Bus. & Comm. Code § 17 is commonly known as the Texas Deceptive Trade Practices Act ("TDTPA"). *Id.* In sum, Plaintiff attempts to use the TDTPA to "tie-in" a cause of action under § 302. *Id.* (alleging "a private person may also bring a cause of action, under Section 302, via a tie-in to Section 17 of the [TDTPA]."). However, to do this successfully, Plaintiff must be a "consumer" as defined by the TDTPA. *See Smith v. JPMorgan*

*Chase Bank*, N.D.Tex. No. 3:14-cv-2402-M-BN, 2014 U.S. Dist. LEXIS 167480, at *31 (Nov. 3, 2014); *Bray v. Cadle Co*., No. 4:09-CV-663, 2010 U.S. Dist. LEXIS 109470, at *26 (S.D. Tex. Oct. 14, 2010) (explaining that all Texas state and federal courts addressing the issue "seem to have concluded that 'the party bringing a claim under the [TDTPA] for a violation of a tie-in statute must still satisfy the requirement of being a 'consumer.'") (collecting cases). TDTPA defines a "consumer" as a person "who seeks or acquires by purchase or lease, any goods or services." Tex. Bus. & Comm. Code § 17.45(4).

In addition to the fact that Plaintiff pleads no facts to establish that he is a "consumer," Plaintiff's bald allegation that Exact Care "does not have a registration certificate to make marketing calls in this state" is a mere legal conclusion lacking factual support that fails to state a claim. ECF No. 13 at ¶ 32. There are no factual allegations regarding how Plaintiff came to this determination, and therefore, does not warrant the presumption of truth by the Court when ruling on this Motion. *See Horton*, 2026 U.S. Dist. LEXIS 36380, at *8 (a court is "not bound to accept as true a legal conclusion couched as a factual allegation" and does not "presume true a number of categories of statements, including, in addition to legal conclusions, mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.") (cleaned up). Accordingly, Plaintiff's conclusory statement should not be presumed as true.

Regardless of this pleading deficiency, Plaintiff's allegations also unequivocally exclude him from fitting into the TDTPA's definition of "consumer." Plaintiff confirms he never made any contact or had any "established business relationship" with Exact Care. ECF No. 13 at ¶ 20, 39. By the TDTPA's own definition, Plaintiff had to "seek or acquire by purchase or lease" Exact Care's good or services in order to qualify as a consumer. Plaintiff resoundingly denies ever

inviting Exact Care to set up its services with him. *Id.* Based on this and the lack of an "established business relationship," Plaintiff cannot validly claim to be a "consumer" who acquired or sought Exact Care's services. Therefore, he fails to meet the TDTPA's statutory definition needed to sue under this scheme, and he cannot use this statute to "tie-in" a cause of action for Exact Care's alleged violation of Tex. Bus. & Comm. Code § 302.101. As such, Plaintiff's remaining state law claims must be dismissed. *See Molina v. Caliber Home Loans*, N.D.Tex. Civil Action No. 3:15-CV-00757-N, 2016 U.S. Dist. LEXIS 203417, at *21 (Dec. 8, 2016) ("[Plaintiff's] attempt to bring a claim under [TDTPA] based on section 17.50(h) (the 'tie-in statute') fails because a plaintiff must qualify as a consumer in order to sue under the tie-in statute.").

d. ***Any Request for Amendment is Futile***

Based on the above, Plaintiff cannot amend his complaint to save any of his claims. Because any attempt at amendment would be futile, should Plaintiff request leave to amend, the Court should deny it.

While a court must grant leave to amend "when justice so requires," amending a complaint is "by no means automatic." *Salas v. Ford Motor Credit Co., LLC*, W.D.Tex. No. 1:18-CV-748-RP, 2019 U.S. Dist. LEXIS 158175, at *3 (Sep. 17, 2019) (citing Fed. R. Civ. P. 15 and *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991)). Futility of the amendment is a reason to deny leave to amend.[2] *Id*. An amendment is considered futile when it would still fail to state a claim upon which relief could be granted. *Id.* Therefore, in determining futility, a court will apply the same

[2] A court may consider other reasons in deciding whether to grant leave to amend, which include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party[.]" *Pinn*, LEXIS 148031, at *29 (Aug. 1, 2025). While futility provides a sufficient basis to deny any request for leave to amend by Plaintiff, Exact Care notes that Plaintiff has engaged in undue delay and dilatory action during the pendency of this case and Exact Care reserves its arguments regarding Plaintiff's untimely and dilatory action that also foreclose amending his complaint.

standard of legal sufficiency as applies under Rule 12(b)(6). *Id.*; *Crouch v. Regional Acceptance Corp.*, N.D.Tex. No. 3:25-cv-2162-G-BN, 2026 U.S. Dist. LEXIS 52446, at *6 (Feb. 11, 2026) (finding that leave to amend would be futile because the proposed amendment would not provide factual content required to plausibly state a claim under the TCPA); *Uwagbai*, 2026 U.S. Dist. LEXIS 150392, at *8 (denying leave to amend due to futility when plaintiff only alleged one call in violation of 47 U.S.C. § 227(c)).

Plaintiff cannot amend his complaint to change the reality that he allegedly only received one call from Exact Care. The crux of Plaintiff's claims rest on 47 U.S.C. § 227(c) and that statute explicitly requires "more than one call within any 12-month period" to maintain a viable claim under this section. Because only one call reached Plaintiff, he cannot sustain his federal TCPA even with a chance to amend. Moreover, the entire nature of Plaintiff's lawsuit precludes his claim under § 302 via a tie-in to §17 of the TDTPA. Plaintiff cannot recover damages for an unsolicited call regarding Exact Care's services while also trying to recover as a "consumer" who sought or acquired these same services. Any amendment regarding Plaintiff's status as a deceived "consumer" would foreclose his TCPA case and vice versa. As such and on all fronts, Plaintiff's FAC cannot be further amended to save any of his claims. Any attempt to do so would be futile. Accordingly, should Plaintiff seek leave to amend, the Court should deny this request and dismiss this action in its entirety with prejudice.

## V. CONCLUSION

For the foregoing reasons, Exact Care respectfully requests this Court grant this motion for judgment on the pleadings, deny Plaintiff any potential leave to amend, and dismiss his claims with prejudice.

Respectfully submitted,

*/s/ Colleen O'Neil*
Gregg R. Brown (031290)
GERMER, BEAMAN & BROWN PLLC
1501 S. Mopac Expressway, Suite A400
Austin, TX 78746
Tel: 512-472-0288
Fax: 512-472-9260
Email: grb-svc@germer-austin.com

Colleen M. O'Neil, *pro hac vice*
Samantha Lamka, *pro hac vice*
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
Tel: (216) 622-8200
Fax: (216) 241-0816
Email: coneil@calfee.com
slamka@calfee.com

*Counsel for Defendant Exact Care Pharmacy, LLC*

**CERTIFICATE OF SERVICE.**

I certify that on November 16, 2026, the foregoing, *Defendant Exact Care Pharmacy, LLC's Motion for Judgment on the Pleadings*, was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*/s/ Colleen O'Neil*
*One of the Attorneys for Defendant Exact Care Pharmacy, LLC*