UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRIAN TARAVELLA, | ) | Case No. 1:25-CV-01692-RP |
| Plaintiff, | ) | JUDGE ROBERT PITMAN |
| v. | ) | |
| EXACT CARE PHARMACY, LLC, | ) | |
| Defendant. | ) | |

**DEFENDANT EXACT CARE PHARMACY, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER TO REOPEN DISCOVERY AND EXTEND THE DISPOSITIVE MOTION DEADLINE[1]**

## I. INTRODUCTION

Plaintiff Brian Taravella moves the Court to reopen discovery six weeks after the discovery period closed. His motion should be denied because Plaintiff cannot satisfy Fed. R. Civ. P. 16(b)(4), under which a scheduling order may be modified only for good cause and with the judge's consent. The good-cause inquiry turns importantly on the movant's diligence in attempting to meet the existing deadlines. *Navejas v. City of El Paso*, 5th Cir. No. 25-51061, 2026 U.S. App. LEXIS 30829, at *23 (Oct. 8, 2026) (citing *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, N.A.*, 315 F.3d 533, 535-36 (5th Cir. 2003)). By Plaintiff's own account, every alleged discovery dispute he now raises was known to him months before the October 1, 2026 discovery deadline, yet he did not seek to meet and confer, never moved to compel, never sought a ruling on

[1] Exact Care withdrew its Motion to Extend the Dispositive Motion Deadline and filed a dispositive motion by the original deadline. Therefore, the Motion to Extend is moot and any reference to it should be disregarded.

the parties' electronically stored information ("ESI") protocol, and never asked the Court to extend the deadline *before* it expired. Indeed, Plaintiff did not even follow up on the ESI protocol that he makes the crux of his Motion until *after* the discovery deadline. A party's failure to pursue available relief diligently—including delay attributable to its own counsel's litigation choices—does not establish good cause. *See S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533 (2003) ("The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'") (citing 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). Plaintiff fails to establish good cause because there is no reasonable explanation why he could not have met the original discovery deadline; his own dilatory action is the sole explanation.

Separately, Exact Care submits that the Court should not resolve the Motion until it resolves Exact Care's pending motion for judgment on the pleadings. That motion rests solely on legal arguments determined by the face of the pleadings and, if granted, disposes of the entire case and negates any further discovery. Deciding the dispositive motion first may eliminate the need for the discovery Plaintiff seeks and conserve the parties' and the Court's resources. *United States ex rel. Gonzalez v. Fresenius Med. Care N. America*, 571 F. Supp. 2d 766, 768 (2008) (noting a stay of discovery may be appropriate where the disposition of a dispositive motion might preclude the need for the discovery altogether thus saving time and expense) (cleaned up). Accordingly, Exact Care respectfully asks the Court to resolve its pending motion for judgment on the pleadings, which would dispose of this action entirely on legal issues and eliminate the need for any further discovery.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's rendition of the case's posture is self-serving and inaccurately depicts him as a diligent litigant. Indeed, his own filing confirms this. The purported "Chronology of the ESI Condition" attached as Exhibit 5 to the Motion is replete with evidence that shows Plaintiff did **not confirm the accuracy of the timeline**. For example, Plaintiff states that on July 28, 2026, "no draft [of the ESI protocol] has arrived" but leaves a note to "confirm the date Exact Care's draft ESI protocol arrived." *See* EFC No. 22-6, at p. 2. However, as seen in Exhibit 1 attached to this Opposition, Exact Care *did* send a draft ESI protocol to Plaintiff **on July 28, 2026**. Moreover, after a month of silence despite following up on the ESI protocol with Plaintiff, Exact Care produced documents on August 28, 2026 to fulfill its discovery obligations and in good faith to keep this action moving. *See* Exhibit 1. Plaintiff's Chronology conveniently omits these facts. *See* EFC No. 22-6, at p. 2 (omitting Exact Care's August 18, 2026 email and leaving the date blank for Exact Care's production). Simply put, the Court should disregard Plaintiff's retelling of this case's history as it is incomplete, inaccurate, and self-serving on its face.[2]

Notwithstanding these glaring factual deficiencies, Plaintiff's Motion reads like a Motion to Compel even though Exact Care was not made aware of these purported discovery concerns. Plaintiff did not raise any of these specific concerns *before* the discovery cutoff. And while Exact Care admits that the ESI Protocol is not in place, it adamantly denies "build[ing] a gate across discovery and kept the only key." ECF No. 22 at 1. Indeed, Exact Care agreed to "supplement" to

---

[2] Plaintiff's Chronology omits other various instances of dilatoriness from Plaintiff. For example, Plaintiff intended to confirm whether any protective order was entered. *See* EFC No. 22-6, at p. 2. No protective order was entered because Plaintiff never responded to Exact Care's draft joint motion to enter the same. Conversely, Exhibit 1 shows Exact Care's own diligence in light of Plaintiff's lack thereof by asking Plaintiff about the parties' belated R.26 (f) report that has *still* not been filed and inquiring about Plaintiff's unserved initial disclosures.

the extent it has anything else to provide—which it does *not* contend it definitively does—in the spirit of compromise. This is in addition to the fact that it already produced ESI in good faith even without the protocol to ensure Plaintiff received relevant documents. Any issues Plaintiff had with Exact Care's production could and should have been addressed over a month ago. Plaintiff failed to do so, and Exact Care simply could not have resolved these issues since they were not brought to its attention. Despite Plaintiff's harboring of these issues, the discovery period came and went on October 1, 2026.[3] Then, Plaintiff moved to modify the scheduling order and reopen discovery on November 13, 2026—approximately six weeks after the deadline and a month after Local Rule CV-16(e)'s requirements. On November 16, 2026, Exact Care moved for judgment on the pleadings under Rule 12(c), contending that the case can be resolved on the pleadings and dismissed in its entirety.

## III. LEGAL STANDARD

Once a scheduling order has issued, it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A party seeking to extend or reopen discovery after the deadline must therefore satisfy Rule 16(b)(4)'s good-cause standard. *See Michael Kors, L.L.C. v. Hernandez Internatl. Inc.*, S.D.Tex. No. 4:15-cv-0844, 2016 U.S. Dist. LEXIS 149247, at *32 (Oct. 27, 2016). Good cause requires the movant to show that the deadlines "cannot reasonably be met despite the diligence of the party needing the extension." *Id.* (citing *S&W Enters.*, 315 F.3d at 535); The inquiry turns importantly on the party's diligence in attempting to meet the existing deadlines. *Navejas v. City of El Paso*, 5th Cir. No. 25-51061, 2026 U.S. App. LEXIS 30829, at

[3] While Exact Care did depose Plaintiff on October 9, it was only because Plaintiff had not responded to Exact Care's request for deposition dates within the discovery period. Moreover, *Plaintiff* suggested October 9, indicating he did not oppose the deposition occurring after the discovery deadline. *See* Exhibit 1.

*23 (Oct. 8, 2026). In assessing good cause, courts in the Fifth Circuit weigh four factors: (1) the movant's explanation for the failure to act within the deadline; (2) the importance of the requested relief; (3) the potential prejudice if the request is granted; and (4) the availability of a continuance to cure any such prejudice. *Michael Kors,* 2016 U.S. Dist. LEXIS 149247, at *32. Plaintiff fails to show good cause to warrant re-opening discovery given this case's previous and current posture.

## IV. ARGUMENT

### A. Plaintiff Cannot Show the Diligence Rule 16(b)(4) Requires, and the Delay was Caused by His Own Inaction.

Plaintiff has no reasonable explanation for his failure to meet the October 1, 2026 discovery deadline. Diligence is the touchstone of the good-cause analysis; a party that is aware of a discovery dispute and has a full opportunity to seek relief before the deadline, but does not do so, fails to show diligence and establish good cause. *See S&W Enters.*, 315 F.3d at 535; *see also Michael Kors,* 2016 U.S. Dist. LEXIS 149247, at *32-35. In *Michael Kors,* the court denied a post-deadline request to reopen discovery where the movant had notice of the issue, had a full opportunity to seek an extension before the deadline, and did not. 2016 U.S. Dist. LEXIS 149247, at *32-35. That is precisely this record. By Plaintiff's own account, he raised every objection before the deadline (which was unclear to Exact Care) but never asked the Court to act on them. ECF No. 22 at p. 3. Instead of clarifying these objections to Exact Care or acting on them via judicial intervention, Plaintiff stalled and allowed the discovery deadline to pass. Such action is the antithesis of diligence.

His other explanations fair no better. Plaintiff claims "Exact Care had no right to condition production on an agreement" and proceeds to raise issues with Exact Care's production for the first time. *Id.* at p. 4-5. But these points defeat his argument: if Plaintiff always thought Exact Care

had no right to condition production on the protocol, knew of the issues with its production for months, yet still took no action before the deadline—he failed to practice diligence. Yet, he still asks this Court to forgive his dilatoriness. But as Plaintiff puts it, "no one may profit from his own wrong." *Id.* at p. 5. As such, Plaintiff's Motion should be denied because he cannot show good cause under Rule 16(b)(4). *See Michael Kors,* 2016 U.S. Dist. LEXIS 149247, at *32-35.

**B. Plaintiff Had the Opportunity to Pursue the Discovery He Now Seeks.**

Not only did Plaintiff delay in raising these alleged discovery issues, but he also failed to pursue the discovery that was available to him for months prior to the discovery cut-off. In his Motion, Plaintiff requests depositions of certain Exact Care representatives and subpoenas to Exact Care's vendors or affiliates. *See* ECF No. 22 at p. 8 ("Prayer" section). Exact Care identified these people in its discovery responses in July and Plaintiff had until October to schedule depositions and serve subpoenas. *See* ECF No. 22-10 at p. 6 (listing persons with discoverable knowledge in response to Interrogatory 1). Yet, he sat on this information and issued no follow-up discovery, even when Exact Care sought the deposition of Plaintiff. The lack of an ESI protocol did not hinder Plaintiff's ability to take depositions and serve subpoenas.

Nor can the claim of necessity for this discovery establish good cause to modify the case schedule. *See* ECF No. 22 at p. 6. As the Fifth Circuit has explained, the importance of evidence is a reason to have pursued it within the deadline, not an excuse for disregarding scheduling orders. *See Geiserman v. MacDonald*, 893 F.2d 787, 792 (1990) (explaining that the importance of the sought discovery underscored the need to have the movant timely obtain it and that the supposed importance cannot "singularly override the enforcement of local rules and scheduling orders."). Therefore, Plaintiff's assertion that the discovery he seeks "decide[s] the case" undermines his

Motion. ECF No. 22 at 6. If he knew what information would win the case, he should have pursued it diligently.

**C. Plaintiff Faces No "Exceptional Circumstances" or Prejudice.**

Finally, granting the Motion would prejudice the orderly resolution of this case and any continuance of this case would not cure this harm to Exact Care. Plaintiff assertions that he would suffer prejudice by not reopening discovery lack merit. *Id.* at 7.

As an initial matter, Local Rule CV-16(e) undoubtedly applies to Plaintiff's Motion. *See* L.R. CV-16(e) ("*Absent exceptional circumstances*, *no motions relating to discovery*, *including* motions under Rules 26(c), 29, and 37, *shall* be filed after the expiration of the discovery deadline, *unless they are filed within 14 days after the discovery deadline* and pertain to conduct occurring during the final 7 days of discovery.") (emphasis added). Plaintiff's Motion seeks to reopen discovery which is plainly a "motion relating to discovery." *Id.* To the extent Plaintiff believes only Rule 26(c), 29, and 37 motions warrant this local rule's application, he misreads the rule. The use of "including" means this is a non-exhaustive list. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577, 114 S.Ct. 1164, 127 L.Ed.2d 500 (1994) ("The text employs the terms 'including' [] to indicate the 'illustrative and not limitative' function of the examples given[.]"). In other words, Plaintiff's Motion is not excluded merely because it is not expressly listed in the Rule.[4]

Moreover, Local Rule CV-16(e) mandates that any motion relating to discovery must be filed within 14 days after the discovery deadline. Plaintiff is nearly a month late, again reflecting his dilatory action. Finally, Plaintiff's conclusory argument that "Exact Care's post-deadline reversal supplies [] 'exceptional circumstances'" misses the mark. ECF No. 22 at 7. As noted,

---

[4] Local Rule CV-16 is titled "Pretrial Conferences; Scheduling; Management," further emphasizing its applicability to this Motion which was brought under Fed. R. Civ. P. 16.

Plaintiff has been harboring these issues for months yet never raised any of them with Exact Care *or* the Court in compliance with Local Rule CV-16(e)'s timeline. "Exceptional circumstances" are not present either. Courts have excused noncompliance with Local Rule CV-16(e) when counsel has an illness or death in the family; a lack of diligence related to ongoing alleged discovery issues is insufficient to show "exceptional circumstances." *Compare Aqua Texas, Inc. v. Hays Trinity Groundwater Conservation Dist.,* W.D.Tex. No. 1:23-cv-01576-DAE, 2025 U.S. Dist. LEXIS 196395, at *12-13 (Oct. 3, 2025) *with Bowen v. Janus Henderson Advisers US LLC*, W.D.Tex. No. 1:24-cv-00240-RP, 2026 U.S. Dist. LEXIS 209141, at *6 (Sep. 15, 2026).

Exact Care's risks more than Plaintiff if discovery is reopened. Exact Care's pending motion for judgment on the pleadings presents purely legal questions resolved on the face of the pleadings. As noted in that motion, Plaintiff alleges only a single telephone call, and the private right of action on which his federal claim depends expressly requires "more than one telephone call within any 12-month period." Because that motion is confined to the pleadings, it does not depend on any of the discovery Plaintiff seeks to reopen, and, if granted, it disposes of the entire action, including his state-law claims. Deferral is particularly appropriate where resolving a dispositive motion "might preclude the need for the discovery altogether thus saving time and expense." *See United States ex rel. Gonzalez v. Fresenius Med. Care N. America*, 571 F. Supp. 2d 766, 768 (2008) (citation omitted).

If discovery reopens before Exact Care's dispositive motion is resolved, Exact Care could incur potentially unnecessary costs and expenses in continuing to litigate unviable claims. As such, Exact Care faces prejudice in allowing more discovery without a decision on its motion for judgment on the pleadings. Deciding the Rule 12(c) motion first is the efficient course here, because a ruling for Exact Care would end the case and render the requested discovery unnecessary

and moot. Therefore, Exact Care respectfully requests that the Court defer ruling on Plaintiff's Motion until it resolves Exact Care's pending Rule 12(c) motion, which rests solely on legal arguments that may moot the requested discovery.

## V. CONCLUSION

For the foregoing reasons, Exact Care respectfully requests that the Court deny Plaintiff's motion to reopen discovery or modify the case schedule and defer any ruling on the motion until the Court resolves Exact Care's pending motion for judgment on the pleadings.

Respectfully submitted,

*/s/ Colleen O'Neil*

Gregg R. Brown (031290)
GERMER, BEAMAN & BROWN PLLC
1501 S. Mopac Expressway, Suite A400
Austin, TX 78746
Tel: 512-472-0288
Fax: 512-472-9260
Email: grb-svc@germer-austin.com

Colleen M. O'Neil, *pro hac vice*
Samantha Lamka, *pro hac vice*
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
Tel: (216) 622-8200
Fax: (216) 241-0816
Email: coneil@calfee.com
slamka@calfee.com

*Counsel for Defendant Exact Care Pharmacy, LLC*

**CERTIFICATE OF SERVICE.**

I certify that on November 20, 2026, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*/s/ Colleen O'Neil*
*One of the Attorneys for Defendant Exact Care Pharmacy, LLC*